UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA,
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| **MARIE ALPHONSE,** | § | **CASE NO:** |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| **MOTEL 6 OPERATING, L.P. d/b/a** | § | |
| **Motel 6 and/or Studio 6,** | § | |
| | § | |
| | § | **TRIAL BY JURY DEMANDED** |
| Defendant. | § | |
| | § | |

## ORIGINAL COMPLAINT

Plaintiff, MARIE ALPHONSE, by and through her undersigned counsel, files this Complaint against Defendant, MOTEL 6 OPERATING, L.P., under 42 U.S.C. § 2000e and 42 U.S.C. §1981 and states as follows:

## INTRODUCTION

1. Plaintiff files this Complaint and complains of discrimination on the basis of race and national origin under 42 U.S.C. § 2000e and 42 U.S.C. §1981 and in retaliation for her complaints of discrimination on the basis of race and national origin under 42 U.S.C. § 2000e and 42 U.S.C. §1981.

2. This action seeks compensatory and punitive damages, emotional distress and mental anguish damages, and attorneys' fees.

## PARTIES

3. Plaintiff, Marie Alphonse, is a resident of Deerfield Beach, Florida.

4. Defendant, Motel 6 Operating, L.P., is a for-profit corporation incorporated in Delaware, with more than 1,000 lodging locations in the U.S. and Canada, including Coral Springs,

1

Florida. Defendant is registered to do business in and be sued in Florida by serving Defendant's registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida, 32301.

## VENUE

5. Venue is appropriate in the United States District Court for the Southern District of Florida in which a substantial part of the events or omissions giving rise to the claim occurred, as required under 28 U.S.C. §1391.

## JURISDICTION

6. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331, as it involves federal question jurisdiction.

7. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

8. Plaintiff has met all conditions precedent to the filing of this action. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on March 22, 2022. The EEOC issued a Notice of Right to Sue letter on November 22, 2022, and Plaintiff has filed this lawsuit no more than 90 days after receiving the Notice of Right to Sue. Additionally, this lawsuit has been filed within the statute of limitations as required under (28 U.S.C. §1658).

## FACTS

9. Plaintiff, who is of Haitian national origin and black, worked as a Guest Services Representative (GSR) for Defendant in Coral Springs, Florida, from July 5, 2021, until November 3, 2021.

10. During Plaintiff's time working for Defendant, Plaintiff was constantly harassed by co-workers who were non-black.

11. For instance, Bella Guerrero, a GSR for Defendant, told Plaintiff that she could not work at the front desk because she is dark-skinned and black.

12. Plaintiff responded to Ms. Guerrero, advising she would file a discrimination complaint with the EEOC, to which Ms. Guerrero assured Plaintiff that no one would believe her complaint.

13. Further, Ms. Guerrero would tell other co-workers and hotel guests that Plaintiff was aggressive and impolite to harass Plaintiff, due to her race and national origin.

14. Another co-worker of Plaintiff, Angelo Austil, who is of Haitian national origin and light-skinned, would also complain about Plaintiff being black and working at the front desk.

15. Housekeepers working for Defendant would also warn Plaintiff that Ms. Guerrero and Mr. Austil had threatened to physically assault Plaintiff.

16. This type of hostile environment occurred throughout Plaintiff's employment in Plaintiff's workplace frequently and was committed by Ms. Guerrero and Mr. Austil because of Plaintiff's race and/or national origin.

17. Additionally, Ms. Guerrero had a close relationship with management personnel and falsely advised management that Plaintiff would commit errors on paperwork.

18. Ms. Guerrero with retaliatory motivation influenced General Manager, Deandre Morris, to terminate Plaintiff for stating she would file a complaint with the EEOC.

19. Plaintiff was terminated by Mr. Morris on November 3, 2021, after Plaintiff spoke with Ms. Guerrero and stated she would file a complaint with the EEOC.

20. During her employment, Plaintiff was subjected to discrimination based on her race and national origin, and her employment was terminated in retaliation for her complaints of discrimination.

**COUNT I: RACE DISCRIMINATION UNDER 42 U.S.C. §1981**

21. Plaintiff incorporates the allegations made in Paragraphs 1 through 20 herein.

22. Title 42 U.S.C. §1981, *inter alia*, protects at-will employees from employment discrimination on the basis of race because at-will employment is a form of contract. *Miller v. Bed, Bath & Beyond, Inc.*, 185 F. Supp. 2d 1253 (11th Cir. 2002). Defendant offered to pay Plaintiff for her work, and Plaintiff accepted that offer and began performing the work. Thus, the parties entered into a contractual arrangement covered by 42 U.S.C. §1981.

23. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §1981.

24. Plaintiff was subjected to a hostile work environment by Defendant because of her race. The action of Defendant's employees was severe and pervasive.

25. If Plaintiff had not been a black person, she would not have been subjected to a hostile work environment.

26. Had Plaintiff not been a black person, Defendant would not have told Plaintiff that she could not work the front desk because her skin is black.

27. Had Plaintiff not been a black person, Defendant would not have told other co-workers and hotel guests that Plaintiff was aggressive and impolite to harass Plaintiff.

28. Had Plaintiff not been a black person, Defendant would not have threatened to physically assault Plaintiff.

29. Had Plaintiff not been a black person, Defendant would not have falsely advised management that Plaintiff would commit errors on paperwork.

30. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §1981, Plaintiff suffered and continues to suffer damages, including lost wages and benefits, emotional distress, and attorneys' fees and costs.

31. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

32. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## COUNT II: RETALIATION FOR COMPLAINTS OF RACE DISCRIMINATION UNDER 42 U.S.C. §1981

33. Plaintiff incorporates the allegations made in Paragraphs 1 through 32 herein.

34. Title 42 U.S.C. §1981, *inter alia*, protects employees from adverse employment actions in retaliation for complaining about race discrimination.

35. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §1981.

36. Plaintiff's employment was terminated in retaliation for her complaints of race discrimination.

37. Had Plaintiff not asserted her right to be free from race and national origin harassment by stating she would file a complaint with the EEOC, Defendant would not have terminated Plaintiff's employment.

38. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §1981, Plaintiff suffered damages, including lost wages, emotional distress, and

attorneys' fees and costs.

39. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

40. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, and to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

### COUNT III: DISCRIMINATION BASED ON NATIONAL ORIGIN UNDER 42U.S.C. §1981

41. Plaintiff incorporates the allegations made in Paragraphs 1 through 40 herein.

42. Title 42 U.S.C. §1981, *inter alia*, protects employees from employment discrimination on the basis of national origin.

43. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §1981.

44. Plaintiff was subjected to a hostile work environment because of her Haitian national origin.

45. Had Plaintiff not been Haitian, Defendant would not have subjected her to a hostile work environment.

46. Defendant by and through Ms. Guerrero, would tell other co-workers and hotel guests that Plaintiff was aggressive and impolite, due to her Haitian national origin and race.

6

47. Had Plaintiff not been Haitian, Defendant would not have told other co-workers and hotel guests that Plaintiff was aggressive and impolite.

48. Defendant by and through Ms. Guerrero, falsely advised management that Plaintiff would commit errors on paperwork, due to her Haitian national origin.

49. Had Plaintiff not been Haitian, Defendant would not have falsely advised management that Plaintiff would commit errors on paperwork.

50. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §1981, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

51. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

52. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

### COUNT IV: RETALIATION FOR COMPLAINTS OF NATIONAL ORIGIN DISCRIMINATION UNDER 42 U.S.C. §1981

53. Plaintiff incorporates the allegations made in Paragraphs 1 through 52 herein.

54. Title 42 U.S.C. §1981, *inter alia*, protects employees from adverse employment actions in retaliation for complaining about national origin discrimination.

55. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §1981.

56. Plaintiff's employment was terminated in retaliation for her complaints of national origin discrimination.

57. Had Plaintiff not asserted her right to be free from race and national origin discrimination by stating she would file a complaint with the EEOC, Defendant would not have terminated Plaintiff's employment.

58. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §1981, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

59. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantoness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

60. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

**COUNT V: DISCRIMINATION BASED ON RACE UNDER 42 U.S.C. §2000e**

61. Plaintiff incorporates the allegations made in Paragraphs 1 through 60 herein.

62. Title 42 U.S.C. §2000e, *inter alia*, protects employees from employment discrimination on the basis of race.

63. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §2000e.

64. Plaintiff was subjected to a hostile work environment because of her race.

65. Had Plaintiff not been a black person, Defendant would not have subjected her to a hostile work environment.

66. Had Plaintiff not been a black person, Defendant would not have terminated Plaintiff's employment.

67. Defendant told Plaintiff that she could not work the front desk because her skin is Black and her skin is dark, told other co-workers and hotel guests that Plaintiff was aggressive and impolite and to harass Plaintiff, threatened to physically assault Plaintiff, and falsely advised management that Plaintiff would commit errors on paperwork, because Plaintiff was a black person.

68. Had Plaintiff not been black, Defendant would not have told Plaintiff that she could not work the front desk because her skin is black, told other co-workers and hotel guests that Plaintiff was aggressive and impolite, threatened to physically assault Plaintiff, or falsely advised management that Plaintiff would commit errors on paperwork.

69. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

70. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

71. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

### COUNT VI: RETALIATION FOR COMPLAINTS OF RACE DISCRIMINATION UNDER 42 U.S.C. §2000e

72. Plaintiff incorporates the allegations made in Paragraphs 1 through 71 herein.

73. Title 42 U.S.C. §2000e, *inter alia*, protects employees from adverse employment actions in retaliation for complaining about race discrimination.

74. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §2000e.

75. Plaintiff's employment was terminated in retaliation for her complaints of race discrimination.

76. Had Plaintiff not asserted her right to be free from race and national origin discrimination by stating she would file a complaint with the EEOC, Defendant would not have terminated Plaintiff's employment.

77. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

78. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to

serve as punishment to deter Defendant from such conduct in similar situations.

79. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

### COUNT VII: DISCRIMINATION BASED ON NATIONAL ORIGIN UNDER 42 U.S.C. § 2000e, *et seq.*

80. Plaintiff incorporates the allegations made in Paragraphs 1 through 79 herein.

81. Title 42 U.S.C. §2000e, *inter alia*, protects employees from employment discrimination on the basis of national origin.

82. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §2000e.

83. Plaintiff was subjected to a hostile work environment because of her Haitian nationalorigin.

84. Had Plaintiff not been Haitian, Defendant would not havesubjected her to a hostile work environment.

85. Defendant would tell other co-workers and hotel guests that Plaintiff was aggressive and impolite because Plaintiff is Haitian.

86. Had Plaintiff not been Haitian, Defendant would not have told other co-workers and hotel guests that Plaintiff was aggressive and impolite.

87. Defendant falsely advised management that Plaintiff would commit errors on paperwork.

88. Had Plaintiff not been Haitian, Defendant would not have falsely advised management that Plaintiff would commit errors on paperwork.

89. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

90. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

91. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## COUNT VIII: RETALIATION FOR COMPLAINTS OF NATIONAL ORIGIN DISCRIMINATION UNDER 42 U.S.C. §2000e

92. Plaintiff incorporates the allegations made in Paragraphs 1 through 91 herein.

93. Title 42 U.S.C. §2000e, *inter alia*, protects employees from adverse employment actions in retaliation for complaining about national origin discrimination.

94. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §2000e.

95. Plaintiff's employment was terminated in retaliation for her complaints of national origin discrimination.

96. Had Plaintiff not asserted her right to be free from race and national origin discrimination by stating she would file a complaint with the EEOC, Defendant would not have terminated Plaintiff's employment.

97. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

98. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

99. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## JURY TRIAL DEMANDED

100. Plaintiff demands a trial by jury for all issues so triable.

WHEREFORE, Plaintiff requests compensatory damages, punitive damages, and reasonable attorney fees from Defendant pursuant to 42 U.S.C. §1981, 42 U.S.C. §2000e, and any other applicable authority (statute/law, etc.), to be proven at the time of trial for all compensatory damages, exemplary damages, and attorneys' fees and costs along with any other relief that this Court finds reasonable under the circumstances.

Respectfully submitted,

**Dated: February 16, 2023**                     By: */s/ Jurgen Negron*
                                                                    **Jurgen Negron**
                                                                    Fla. Bar #0123892
                                                                    Email: jurgen.negron@coane.com

**Arthur Mandel**
Fla. Bar #22753
Email: arthur.mandel@coane.com
Coane and Associates, PLLC
1250 E. Hallandale Beach Blvd.,PH-2
Hallandale Beach, FL 33009
Telephone: 305-538-6800
Facsimile: 832-558-1780

***ATTORNEYS FOR PLAINTIFF***